## 10216

### JEFFERSON MILLING CO. v. ELLISON.

#### (99 S. E. 758.)

APPEAL AND ERROR—DISCRETION OF COURT—SETTING ASIDE JUDGMENT.—
Order refusing to set aside judgment and allow defendant to answer will not be reversed where no abuse of discretion is shown.

Before RICE, J., Greenville, Fall term, 1918. Affirmed.

Action by the Jefferson Milling Company against W. M. Ellison. From an order refusing to set aside a judgment and allow defendant to answer, defendant appeals.

*Mr. Adam C. Welborn*, for appellant, submits: *The Court should have set the judgment aside on the ground that appellant was sick on the day the case was tried, under the attendance of a physician, who advised him that it would not be safe to leave home on that day:* 82 S. C. 502; 105 S. C. 418. *It was only necessary for the moving party to make out a prima facie case, and he did so:* 84 S. C. 141; 101 S. C. 370; 102 S. C. 354. *The lawmakers did not intend that parties should be held down to strict compliance with all law and rules in regard to the trial of a case. They recognized human frailty and provided a way of escape in the event of an excusable neglect:* 108 S. C. 49. *The Circuit Court should have set aside the judgment on the ground of a violation of professional ethics, on the part of Langford & Richardson, attorneys at law. The Supreme Court exercises control over attorneys at law even as to their fees:* 84 S. C. 458. *During the past one hundred and thirty-six years only*

*four member's have been disbarred, or suspended:* 12 S. C. L. (1 McC.) 379; 81 S. C. 290; 94 S. C. 414; 97 S. C. 37.

*Mr. Jas. M. Richardson,* for respondent, submits: *The appellant, by his motion, evidently intended to seek relief under section 225 of the Code of Civil Procedure, which is addressed to the discretion of the Court, and this Court will not exercise jurisdiction unless it be shown that there has been an abuse of discretion by the Circuit Court:* 17 S. C. 451; 38 S. C. 506; 51 S. C. 405; 53 S. C. 224; 64 S. C. 338; 70 S. C. 160; 82 S. C. 504; 93 S. C. 496; 105 S. C. 421. *Appellant does not show excusable neglect, and, therefore, is not entitled to relief:* 102 S. C. 357. *Appellant has filed no certificate as required by Circuit Court Rule 19, showing that he has a good and substantial defense upon the merits, and such omission is fatal:* 107 S. C. 482. *A judgment ought not to be opened for excusable neglect alone; there should be a prima facie showing that the judgment is wrong; and that the party sued has a good defense to the stated cause of action:* 105 S. C. 421; 93 S. C. 496. *The discretion of the Circuit Judge was absolute and final, and could only be reviewed for abuse, and none has been shown:* 17 S. C. 451; 51 S. C. 409; 93 S. C. 297.

June 24, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Rice, refusing to set aside a judgment and allow defendant to answer. It was heard by his Honor at Greenville, September, 1918. After hearing all of the evidence in the case, his Honor refused the motion, and from his order an appeal was taken. His Honor had all of the facts before him, and in the exercise of his discretion refused the motion. We see no erroneous exercise of discretion on his part, and the appeal must be dismissed.

Appeal dismissed.